ELVIS BYRD,

                            Plaintiff,

- versus -

METROPOLITAN TRANSIT AUTHORITY;
TRIBOROUGH BRIDGE AND TUNNEL
AUTHORITY d/b/a METROPOLITAN
TRANSIT AUTHORITY BRIDGES AND
TUNNELS; BTO SABATINO ILARDO; and
"JOHN AND JANE DOES 1-10;" individual
defendants sued in their individual and
official capacities,

                            Defendants.

MEMORANDUM
AND ORDER

15-CV-1364 (JG)(RLM)

JOHN GLEESON, United States District Judge:

        On March 13, 2015, plaintiff Elvis Byrd filed this *in forma pauperis* action *pro se* pursuant to 42 U.S.C. §§ 1983 and 1988. He alleges false arrest and imprisonment, excessive and unreasonable force, malicious prosecution and failure to intervene related to his detention and the issuance of two summonses on the Verrazano Narrows Bridge on March 30, 2012 by defendant officers and other employees of the Metropolitan Transportation Authority (erroneously named by plaintiff as Metropolitan Transit Authority) (the "MTA"), and its division, the MTA Bridges and Tunnels (formerly known as the Triborough Bridge and Tunnel Authority) ("MTABT" or "MTA Bridges and Tunnels") which operates the Verrazano Narrows Bridge. Byrd seeks damages. Byrd's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, the claims against defendants MTA and MTA Bridges and Tunnel are dismissed, and the claims may proceed against the remaining defendants as set forth below.

BACKGROUND

The following facts are drawn from Byrd's complaint, the allegations of which are assumed to be true for purposes of this Memorandum and Order. Byrd alleges that on March 30, 2012, at approximately 5:25 P.M., in toll lane 25 on the Verrazano Narrows Bridge, MTA Bridges and Tunnels Officer Sabatino Ilardo kicked Byrd's vehicle as Byrd was pulling forward to pay the toll and then asked for Byrd's license and registration. Compl. ¶¶ 9-14.[1] When Byrd questioned why Ilardo kicked his vehicle, Ilardo cursed at him, reached into the vehicle and pulled Byrd through the window of the driver's side door. *Id.* ¶¶ 15-18. When defendants John or Jane Does 1-10 arrived, Byrd was detained for forty-five minutes and issued two summonses for unspecified violations, which were later dismissed. *Id.* ¶¶ 19-25. Byrd alleges that the defendants had no basis to mistreat him, to detain him, or to issue him summonses. He seeks damages for the violations of his constitutional rights.

STANDARD OF REVIEW

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require a plaintiff to provide "detailed factual allegations" in support of his claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, mere conclusory allegations or "naked assertion[s]" will not survive dismissal without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557. Additionally, a complaint that is "so confused, ambiguous,

---

[1] I refer to the complaint and the documents annexed to the complaint as the "complaint" or "Compl." *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit." (citing Fed. R. Civ. P. 10(c))).

vague or otherwise unintelligible that its true substance, if any, is well disguised," fails to comply with Rule 8 of the Federal Rules of Civil Procedure. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

When a plaintiff proceeds without legal representation, the Court must view the complaint in a more liberal light, affording it the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam). Even so, the Court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). And "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

## DISCUSSION

Byrd brings this action pursuant to 42 U.S.C. §§ 1983 and 1988.[2] To state a claim under Section 1983, a plaintiff must show that the challenged conduct was committed by a person acting under color of state law and that such conduct "deprived [him] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13

---

[2] The prevailing party in a Section 1983 action is entitled to recover attorney's fees pursuant Section 1988. *Bonner v. Guccione*, 178 F.3d 581, 596 (2d Cir. 1999). Attorney's fees may not, however, be awarded to a *pro se* litigant for representing himself. *Kay v. Ehrler*, 499 U.S. 432 (1991) (holding that a *pro se* litigant is not entitled to attorneys' fees even if the litigant is a lawyer); *see also Pietrangelo v. U.S. Army*, 568 F.3d 341, 342 (2d Cir. 2009) (per curiam) (denying attorneys' fees to a *pro se* litigant in a Freedom of Information Act case); *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 694-95 (2d Cir. 1998) (holding that attorneys' fees are unavailable for a *pro se* litigant in a Title VII case).

F.3d 515, 519 (2d Cir. 1993).

Here, Byrd sues the MTA and the MTABT, the division of the MTA that operates the Verrazano Narrows Bridge and other bridges and tunnels in New York City. Neither the MTA nor the MTABT is a proper party to this action. Defendant MTA is "a New York State public benefit corporation that provides public transportation services to the Greater New York City area." *Mazyck v. Metro. Transp. Auth.*, 893 F. Supp. 2d 574, 580 (S.D.N.Y. 2012). Public benefit corporations, such as the MTA, are municipal entities for the purpose of Section 1983. *Jandres v. County of Nassau*, No. 12-CV-3132 (JS)(GRB), 2012 WL 5879532, at *6 (E.D.N.Y. Nov. 21, 2012) (collecting cases imposing municipal liability on public benefit corporations); *Adam v. Metro. Transp. Auth.*, No. 07-CV-8807 (JGK), 2011 WL 891441, at *3 n.2 (S.D.N.Y. Mar. 15, 2011) ("The MTA is a New York City authority. The parties do not dispute that the MTA and its police department are municipal entities.").

In order to allege a claim for relief under Section 1983 against a municipal defendant, such as the City of New York, or as relevant here, a public benefit corporation such as the MTA, a plaintiff must allege the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 692-94 (1978). Municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law," *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011), but such claims still must satisfy the plausibility standard under the Supreme Court decisions of *Twombly* and *Iqbal*. *See Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011); *Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir. 2014) (summary order) (claim against municipal entity was properly dismissed under 28 U.S.C. § 1915 for "failure to plausibly allege

4

that any constitutional violation resulted from a custom, policy or practice of the municipality"); *see also Hoffman v. City of New York*, No. 97-CV-4284 (SJ), 1998 WL 212894 (E.D.N.Y. Apr. 28, 1998) (dismissing *pro se* complaint against MTA and the City of New York under *Monell*). A court may not impose liability on the MTA for the acts of its officers or employees simply on the doctrine of *respondeat superior*. *Monell*, 436 U.S. at 691.

Although Byrd asserts that the allegedly wrongful acts or omissions on the part of Officer Ilardo and the John and Jane Doe employees of the MTA or MTABT are attributable to a municipal policy or custom, *see* Compl. ¶¶ 50-51, nothing in his complaint suggests facts in support of such a conclusion. Only two paragraphs of the complaint allege *Monell* liability. Paragraph 50 states that the individual defendants acted as police officers or employees of the MTA or MTABT "pursuant to the customs, usages, practices, procedures, and the rules of the MTA and/or the MTABT all under the supervision of ranking officers of said police department and supervisors of said entities." *Id.* ¶ 50. The next paragraph concludes that the defendants "engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States." *Id.* ¶ 51.

However, the complaint does not contain any facts suggesting that anyone other than Byrd has been subjected to the type of detention Byrd alleges. As the Second Circuit has made clear, "isolated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." *Jones v. Town of East Haven,* 691 F.3d 72, 81 (2d Cir. 2012) (citing *Villante v. Dep't of Corr.*, 786 F.2d 516, 519 (2d Cir. 1986); *see also Henderson v. Town of Greenwich*, 317 F. App'x 46, 47 (2d Cir. 2009) ("Proof of a single incident of unconstitutional activity is not

5

sufficient to impose liability under *Monell*.") (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)); *Giaccio v. City of New York,* 308 F. App'x 470, 472 (2d Cir. 2009) (summary order) (affirming summary judgment in favor of defendants and dismissing *Monell* claim where plaintiff identified "at most, only four examples" of constitutional violations, because "[t]his evidence falls far short of establishing a practice that is so persistent or widespread as to justify the imposition of municipal liability") (internal quotations omitted); *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 130 (2d Cir. 2004) (plaintiff must show that her constitutional violation "occurred as the result of a municipal policy rather than as a result of isolated misconduct by a single actor").

Nor is Byrd's conclusory allegation that the conduct constituted a "custom, usage, practice, procedure or rule" that deprived Byrd of his constitutional rights sufficient to state a claim for municipal liability. *See Murray v. Admin. for Children's Servs.*, 476 F. Supp. 2d 436, 442 (S.D.N.Y. 2007), *aff'd,* 293 F. App'x 831 (2d Cir. 2008) ("The Amended Complaint does not allege other similar instances of malicious prosecution that could raise an inference that the City maintains a policy or custom of deliberate indifference to these types of unconstitutional deprivations."); *Worrell v. City of New York*, No. 12-CV-6151 (MKB), 2014 WL 1224257, at *12 (E.D.N.Y. Mar. 24, 2014) (a "single incident of Plaintiff's own allegedly negligent investigation is not sufficient to impose municipal liability without additional allegations from which this Court may infer that it was caused by a practice so widespread as to practically have the force of law."); *Irish v. City of New York,* No. 09-CV-5568 (RMB), 2010 WL 5065896, at *5 (S.D.N.Y. Dec. 6, 2010) ("Plaintiff's speculative and conclusory allegations of an unlawful custom and practice are insufficient to support a claim of municipality liability based upon *Monell* . . . .").

In sum, Byrd describes isolated conduct by a rogue officer. He invokes terms of

art used in *Monell*, such as "custom" and "practice," but he fails to allege any facts tending to show that the MTA or the MTABT caused any claimed constitutional violation. The absence of any facts supporting an unconstitutional policy, practice, or custom by the City, or a failure to supervise or train, precludes *Monell* liability. Therefore, the complaint is dismissed as to the MTA or MTA Bridges and Tunnels for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

CONCLUSION

Accordingly, I dismiss plaintiff's 42 U.S.C. § 1988 claims against all defendants and his 42 U.S.C. § 1983 claims against the MTA and the MTA Bridges and Tunnels for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to these defendants.

Plaintiff's Section 1983 claims against the remaining defendant, "BTO Sabatino Ilardo," an officer employed by the MTA Bridges and Tunnels, may proceed.[3] The case is referred to the Honorable Cheryl Pollak, United States Magistrate Judge, for pretrial supervision. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson
United States District Judge

Dated: Brooklyn, New York
July 28, 2015

---

[3] For now, the claims against defendants "John or Jane Does 1-10," who were allegedly involved in plaintiff's detention and the issuance of the summonses may proceed. Further identifying information will be necessary before the names of actual individual defendants may be substituted for the "John or Jane Doe" defendants.